This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
The State of Ohio appeals the decision of the Cuyahoga Falls Municipal Court, which granted defendant Daniel J. Roberts' motion to suppress evidence obtained pursuant to the police stop of Roberts' vehicle. This court reverses.
 I.
Daniel J. Roberts was driving his Ford Explorer eastbound on State Route 303 in Hudson on September 14, 2000, at approximately 10:00 p.m. Another driver was following Roberts and noticed that Roberts' vehicle was swerving and veering left of the center line. The motorist used her cell phone to call the Hudson police dispatcher and she advised the dispatcher of the erratic driving. The motorist did not identify herself. However, she told the dispatcher her location and direction, described her car, gave her license number, described the Explorer and gave the license number of the Explorer. The dispatcher called Officer Brian Battaglia, advised him of the report, and relayed to him the description of the cars. Officer Battaglia realized that the informant's car was directly in front of his cruiser, and that the Explorer was in front of the informant's car.
Officer Battaglia told the dispatcher to advise the informant to pull her car over, so that Battaglia could pursue the Explorer. Almost immediately the car in front of Battaglia pulled over. Officer Battaglia followed the Explorer for approximately three-quarters of a mile, during which the Explorer negotiated two turns. The officer did not observe any errant driving or any traffic violation. The officer did pull over the Explorer and when he approached Roberts, who was driving the vehicle, the officer detected the smell of alcohol on Roberts' breath. Officer Battaglia asked Roberts whether he had anything to drink. Roberts initially stated that he had one drink at a restaurant, but later admitted that he had several drinks. The officer then administered three field sobriety tests, two of which Roberts failed. The officer arrested Roberts and took him to the police station where a breathalyzer examination showed a breath-alcohol content of .123. Roberts was cited for driving with an illegal breath alcohol content in excess of that permitted by R.C. 4511.19(A)(3) and driving under the influence of alcohol, in violation of R.C. 4511.19(A)(1).
Roberts pled not guilty and filed a motion to suppress the evidence obtained pursuant to the stop, alleging that the stop violated his Fourth Amendment right against unreasonable search and seizure. The trial court held a hearing on the suppression motion. At the hearing Officer Battaglia testified to the facts outlined above. The officer acknowledged that he did not observe Roberts drive in any erratic or illegal manner for the three-quarters of a mile that he followed Roberts. The officer acknowledged that Roberts properly negotiated two turns before Battaglia stopped Roberts.
After the hearing, the trial court granted the motion to suppress. The trial court acknowledged that there may have been reasonable cause to stop Roberts initially based on the dispatcher's relay of the informant's tip. However, the court reasoned that after Officer Battaglia followed Roberts and observed his driving, the officer no longer had reasonable suspicion of any illegal activity because Roberts was then driving in a safe and legal manner.
The State filed a timely appeal pursuant to Crim.R. 12(J), asserting that the trial court erred in granting the motion to suppress. This court agrees.
 II.
This court has written that "[b]efore stopping a vehicle, a law enforcement officer must have reasonable suspicion, based on specific and articulable facts, that an occupant is or has been engaged in criminal activity." State v. Trbovich (July 3, 1996), Summit App. No. 17613, unreported, at 3, citing Terry v. Ohio (1968), 392 U.S. 1,20 L.Ed.2d 889, 905-06, and Delaware v. Prouse (1979), 440 U.S. 648,59 L.Ed.2d 660, 673. If the stop itself is illegal, in violation of the Fourth Amendment right against unreasonable search and seizure, any incriminating evidence obtained pursuant to the stop will be suppressed as fruit of the illegal search. Terry, at 26, 20 L.Ed.2d at 908-909. "[D]eterminations of reasonable suspicion * * * should be reviewed denovo on appeal. * * * [A] reviewing court should take care both to review findings of historical fact only for clear error and to give due weight to inferences drawn from those facts by resident judges and local law enforcement officers." Ornelas v. United States (1996), 517 U.S. 690,699, 134 L.Ed.2d 911, 920.
In the circumstances presented here, Officer Battaglia stopped Roberts' vehicle based on a report from another officer, the dispatcher, who had received a tip from an unidentified caller. The Ohio Supreme Court recently analyzed the issue of reasonable suspicion to stop under circumstances very similar to those here. Maumee v. Weisner (1999),87 Ohio St.3d 295. The Court in Weisner held that the question is not whether the officer on the scene had a reasonable suspicion to stop the vehicle but whether the information from the informant was sufficient to support a reasonable suspicion of illegal activity. Id., at paragraph one of the syllabus. The answer to that question turns on whether the informant possesses indicia of reliability. Id. at 299. "A telephone tip can, by itself, create reasonable suspicion justifying an investigatory stop where the tip has sufficient indicia of reliability."Id., at paragraph two of the syllabus. A known or identified informant has greater indicia of reliability than does the anonymous informant, who may have ulterior motives for providing the tip leading to the stop.Id. at 300-301.
In the instant case, the car fitting the informant's description and license pulled over after Officer Battaglia's directive to that effect was passed along through the dispatcher. Thus, by the time Officer Battaglia pulled behind Roberts, he was certain that the informant had given proper identifying information about herself, rendering her information more credible. This set of facts meets the standard upheld in Weisner for providing the field officer with facts from a reliable informant sufficient to support a reasonable suspicion of illegal activity.
The trial court here determined that the facts in the instant case were distinguishable from Weisner because once Officer Battaglia followed Roberts' car, he was bound to follow his own observations of the driver's actions to determine whether there was reasonable suspicion to justify the stop. The trial court reasoned that because the officer's own observations did not corroborate the tip information, the officer's observation essentially erased the reasonable suspicion provided via the informant's tip. This court disagrees. We have considered this argument in a case involving similar facts and determined that even if the officer does not observe the behavior reported by the informant, that does not necessarily undermine the existing reasonable suspicion. See State v.Fejes (Sept. 17, 1997), Wayne App. No. 96CA0088, unreported, at 3-4, appeal dismissed (1998), 81 Ohio St.3d 1416.
Our de novo review compels us to conclude that as a matter of law the facts here were sufficient to establish a reasonable suspicion of criminal activity warranting a constitutionally valid stop, and that the evidence obtained thereby need not be suppressed. The judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Cuyahoga Falls Municipal Court, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
______________________________________ WILLIAM R. BAIRD
WHITMORE, J. CONCURS.
CARR, J., CONCURS IN JUDGMENT ONLY.